Beth L. Kaufman
Charles B. Updike
Jeremy M. Weintraub
SCHOEMAN UPDIKE & KAUFMAN LLP
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Plaintiff 3M Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
3M COMPANY,                                                         Civil Action No. _____

          Plaintiff,

      - against-                                                         **Complaint**

HSBC BANK USA, N.A.,

          Defendant.
------------------------------------------------------------------X

Plaintiff 3M Company ("3M"), by its attorneys Schoeman Updike & Kaufman LLP, alleges on information and belief, except for its own conduct, which is alleged upon personal knowledge, as well as on the discovery and investigation conducted by its attorneys to the date of this pleading, the following:

## Nature of the Action

1. This is an action to enjoin payment upon a letter of credit.

2. 3M, as applicant, obtained a letter of credit issued by defendant HSBC Bank USA, N.A. ("HSBC") to Ziraat Bank ("Ziraat") as beneficiary in the amount of $1 million (the "Ziraat letter of credit"). 3M applied for the Ziraat letter of credit in connection with 3M's provision of hardware and software to Vendekabilgi

Teknolojileri Ticaret Ltd. Sti. ("Vendeka"), a Turkish company. 3M agreed to obtain a letter of credit for the benefit of Vendeka, which was the prime contractor for the Electronic Toll Collection System Project (the "HGS Project") of the Turkish General Directorate of Post and Telegraph Organization and/or the General Directorate of Highways of the Ministry of Transport and Communication (both referred to herein as "PTT") for the purpose of guaranteeing 3M's performance on the HGS Project as Vendeka's subcontractor.

3. Vendeka's signed contract with 3M prohibited Vendeka from drawing upon the Ziraat letter of credit unless PTT declared Vendeka to be in default on the HGS Project for a sum certain, the default was caused by 3M, and Vendeka was obligated to make a payment to PTT as a result of the default.

4. An attempt has been made to collect upon the Ziraat letter of credit. Any such attempt is fraudulent because, under the operative contract, PTT has never declared Vendeka in default, and there has been no failure to perform by 3M that resulted in a default by Vendeka.

5. PTT removed Vendeka from the HGS Project in or around October 2015, and Vendeka has had no involvement with the HGS Project since it was removed and replaced by Tetra HGS Elektronik Sistemleri A.S. ("Tetra").

6. 3M has fully performed its obligations related to the HGS Project.

## Jurisdiction and Venue

7. 3M Company is a Delaware corporation and maintains its principal place of business in St. Paul, Minnesota.

8. HSBC Bank U.S.A., N.A. is a Virgina corporation and maintains its principal place of business in the State of New York.

9. The Court has diversity jurisdiction under 28 U.S.C. § 1332, because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 based upon the residency of the defendant HSBC Bank USA, N.A. ("HSBC").

## Parties

11. 3M is a diversified technology company with a global presence in the following businesses: Industrial; Safety and Graphics; Health Care; Electronics and Energy; and Consumer. 3M is among the leading manufacturers of products for many of the markets it serves. Most 3M products involve expertise in product development, manufacturing and marketing, and are subject to competition from products manufactured and sold by other technologically oriented companies.

12. HSBC is a bank serving millions of customers through its personal financial services, commercial banking, private banking, asset management, and global banking and markets segments. HSBC is the principal subsidiary of HSBC USA Inc., an indirect, wholly owned subsidiary of HSBC North America Holdings Inc.

Facts

The Service Agreement

13. In September 2012, 3M acquired the business of Federal Signal Technologies Group, including Federal Signal Technologies, LLC ("FST"). FST had an existing agreement with Vendeka with an effective date of May 23, 2011 (the "Service Agreement"). As a result of that acquisition, 3M assumed FST's rights and obligations with respect to the Service Agreement, and Vendeka agreed to the assignment of the Service Agreement from FST to 3M. A copy of the Service Agreement is attached hereto as Exhibit A.

14. The Service Agreement relates to the HGS Project.

15. For the HGS Project, PTT initially selected Vendeka as the prime contractor.

16. Under the Service Agreement, FST and then 3M served as a subcontractor to Vendeka, responsible for providing hardware and software for the HGS Project. Following 3M's acquisition of FST, 3M has fully performed its obligation to provide such hardware and software.

17. Section 4.2 of the Service Agreement required FST to provide a letter of credit for Vendeka. Upon the assumption of the obligations under the Service Agreement, 3M was required to post the required letter of credit.

18. Section 4.2(a) states that any payment would be made under to the letter of credit only if the following conditions are met:

> i. PTT declares in writing that VENDEKA is in default in an amount certain under any letter of credit, performance bond or other

       performance guarantee that VENDEKA has issued to PTT related to the HGS Project;

   ii.   Said default of VENDEKA is due to an event as occurring under either Article 34 or 35 of Appendix C hereto (Agreement between VENDEKA and PTT); and,

   iii.   Said event of default of VENDEKA occurring under either Article 34 or 35 of Appendix C hereto (Agreement between VENDEKA and PTT) is in turn caused by FST's failure to perform one or more of its obligations as set forth in this Agreement.

   iv.   The LOC [Letter of Credit] shall reference 4.2 above.

19.   Section 4.2(c) limits the amount that Vendeka can claim under the letter of credit to the amount owed by Vendeka to PTT caused by Vendeka's default, which must be set forth in writing by PTT:

> Any claim for payment that Vendeka may assert against the letter of credit issued by FST as provided for in this section shall be limited to the amount claimed in writing by PTT from Vendeka . . .

## The Letters of Credit

20.   After assuming FST's rights and obligations under the Service Agreement, 3M applied to HSBC for a letter of credit as required under Section 4.2 of the Service Agreement.

21.   HSBC issued the Ziraat letter of credit for $1 million on October 30, 2012.

22.   The Ziraat letter of credit states that the beneficiary is Turkiye Cumhuriyeti Ziraat Bankasi ("Ziraat"). The Ziraat letter of credit as issued on October 30, 2012 stated that HSBC will make payment upon receipt of a demand "supported by your [Ziraat's] written statement certifying that you have received a

5

demand for payment under your guarantee number in accordance with its terms and that such demand is due to Federal Signal Technologies Responsibilities under section 4.2 of the Service Agreement dated 23 June 2011."

23. On November 5, 2012, six days after HSBC issued the Ziraat letter of credit, the Ziraat letter of credit was amended to state that HSBC would make payment upon receipt of a demand "supported by y[ou]r [Ziraat's] written statement certifying that you have received a demand for payment under your A/M SBLC in accordance with its terms."

24. Upon information and belief, Ziraat then issued a letter of credit to Aktif Yatirim Bankasi A.S. ("Aktif") for $1,000,000 (the "Aktif letter of credit").

25. Upon information and belief, Aktif then issued a letter of credit to PTT for $1,000,000 (the "PTT letter of credit").

26. The expiration date of the Ziraat letter of credit was extended until September 3, 2016.

27. The expiration date of the Aktif letter of credit was extended until August 3, 2016.

28. The expiration date of the PTT letter of credit was extended until July 18, 2016.

PTT Removed Vendeka from the HGS Project

29. In or about October 2015, PTT replaced Vendeka a prime contractor on the HGS Project with Tetra HGS Elektronik Sistemleri A.S. ("Tetra").

6

30. Vendeka signed an agreement whereby it agreed to be replaced by Tetra as the prime contractor on the HGS Project.

31. Vendeka has had no role with the HGS Project following its removal by PTT.

No Default Declared by PTT

32. Upon information and belief, PTT has never declared Vendeka in default in connection with the HGS Project or in default under the contract between PTT and Vendeka concerning the HGS Project.

33. Upon information and belief, PTT has never set forth in writing any sum that is owed by Vendeka to PTT as a result of any default by Vendeka.

34. 3M has fully performed its obligations under the Service Agreement.

The Payment Demand

35. On July 18, 2016, Ziraat demanded payment upon the Ziraat letter of credit, in full.

36. Ziraat has refused requests to provide documentation relevant to its payment demand, such as the Aktif letter of credit and the PTT letter of credit.

## COUNT I

### (Injunctive Relief)

37. 3M repeats and realleges paragraphs 1 through 36 as though fully set forth herein at length.

38. The Ziraat letter of credit as amended states that it is "subject to International Standby Practices (1998), International Chamber of Commerce

7

Publications No. 590 ('ISP98')." ISP98 states that defenses based on fraud are "left to applicable law."

39. Section 5-109(a) of New York's Uniform Commercial Code states that the Court "may temporarily or permanently enjoin the issuer [of a letter of credit] from honoring a presentation or grant similar relief against the issuer" where honoring the presentation would facilitate a fraud.

40. 3M has advised HSBC of the fraud and asked HSBC to agree to not honor the request for payment on the Ziraat letter of credit until the fraud is addressed either criminally or civilly or both, and HSBC has refused to agree voluntarily to the request.

41. Here, permitting HSBC to pay upon the Ziraat letter of credit would facilitate an intentional and material fraud.

42. Under the Service Agreement, the Ziraat letter of credit could not be drawn upon unless several conditions were satisfied, including that PTT declared Vendeka in default, the default was caused by 3M, and PTT set forth a written sum certain owed by Vendeka due to its default.

43. None of the conditions in the Service Agreement has been satisfied. PTT has not declared Vendeka in default. 3M has not caused Vendeka to default. PTT has not set forth a written sum certain owed by Vendeka due to its default.

44. Further, none of the conditions in the Service Agreement is ever likely to be satisfied because Vendeka's involvement with the HGS Project ended more

than nine months ago when Vendeka was replaced by Tetra. Since then, Vendeka has had no involvement with the HGS Project.

45. Under the Service Agreement, 3M was not required to post a letter of credit in favor of PTT.

46. Given the absence of any default and Vendeka's complete separation from the HGS Project, the demand for payment under the Ziraat letter of credit is part of a fraudulent scheme.

47. HSBC has advised 3M that it intends to honor the request for payment on July 27, 2016, absent entry of a temporary restraining order.

48. 3M is threatened with immediate and irreparable harm absent injunctive relief if HSBC makes payment to Ziraat.

49. If HSBC issues payment pursuant to the Ziraat letter of credit, 3M may not have any alternative forum to pursue those responsible for the fraud. 3M would face enormous difficulty in pursuing any action in Turkey against Ziraat, Aktif, Vendeka, or PTT. The impact of the recent failed coup in Turkey upon Turkey's legal system is not known, and the possibility of further instability is real. Turkey has declared a state of emergency.

50. Whether a fair and just proceeding can be maintained in Turkey against Turkish governmental agencies, like PTT, is unknown.

51. The financial solvency of possible wrongdoers like Vendeka is unkown.

52. 3M will suffer irreparable harm if payment is made on the Ziraat letter of credit.

53.   3M has no adequate remedy at law.

54.   Injunctive relief is warranted because payment pursuant to the Ziraat letter of credit would facilitate an intentional and material fraud and cause irreparable harm to 3M.

WHEREFORE, 3M respectfully requests the Court issue a permanent injunction prohibiting HSBC from making payment under the the Ziraat letter of credit, identifying no. SDCMTN562237, and granting 3M such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        July 26, 2016

SCHOEMAN UPDIKE & KAUFMAN LLP

By: _____
    Beth L. Kaufman
    Charles B. Updike
    Jeremy M. Weintraub
551 Fifth Avenue
New York, NY 10176
(212) 661-5030

*Attorneys for 3M Company*